## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE HITCHENS, ANNE BERNOSKY,                    Civil Action No.
ELIZABETH BLADEL, GLORIA BOMBARA-LAUX,
LESLIE GREEN, VICTORIA MANNION,
CARLA MCCUE, DELORES PETRICCA,
SONYA RING, KATHLEEN SEKELY,
SUZETTE SPROWLS and RENEE WENTZEL,

                Plaintiffs,

      v.

PETERS TOWNSHIP SCHOOL DISTRICT,

                Defendant.                    JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiffs, Denise Hitchens, Anne Bernosky, Elizabeth Bladel, Gloria Bombara-Laux, Leslie Green, Victoria Mannion, Carla McCue, Delores Petricca, Sonya Ring, Kathleen Sekely, Suzette Sprowls and Renee Wentzel, by undersigned counsel, file this Civil Complaint and in support allege the following.

### I.    Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; 28 U.S.C. §1331 and 1343(a)(4); Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. §206(d); and Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, and 28 U.S.C. §1331 and 1343.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

2.      Plaintiffs have satisfied all procedural and administrative requirements set

forth in 29 U.S.C. §626, and 42 U.S.C. §2000e-5 in that:

a.      Plaintiff Bernosky, on February 18, 2010 filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

b.      Plaintiff Bladel, on February 18, 2010, filed a timely administrative complaint alleging sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

c.      Plaintiff Bombara-Laux, on April 20, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

d.      Plaintiff Green, on February 18, 2010, filed a timely administrative complaint alleging sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

e.      Plaintiff Hitchens, on February 18, 2010, filed a timely administrative complaint alleging sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

f.      Plaintiff Mannion, on February 18, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

g.      Plaintiff McCue, on February 18, 2010, filed a timely administrative complaint alleging sex discrimination with

the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

h.    Plaintiff Petricca, on February 18, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

i.    Plaintiff Ring, on February 18, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

j.    Plaintiff Sekely, on February 19, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date

k.    Plaintiff Sprowls, on February 18, 2010, filed a timely administrative complaint alleging age and sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

l.    Plaintiff Wentzel, on February 18, 2010, filed a timely administrative complaint alleging sex discrimination with the Equal Employment Opportunity Commission (EEOC) and dual filed her claim with the Pennsylvania Human Relations Commission (PHRC) on that same date.

m.    The U.S. Department of Justice issued Notices of Right to Sue to all Plaintiffs on September 9, 2010 and this Complaint was filed within 90 days of receipt of that notice.

3

## II.     The Parties

3.      Plaintiff, Anne Bernosky, resides at 128 Fawn Valley Drive, McMurray, PA 15317 and at all times relevant hereto was employed by Defendant, Peters Township School District as a 5th Grade teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

4.      Plaintiff, Elizabeth Bladel, resides at 108 Brunswick Street, Carnegie, PA 15106 and at all times relevant hereto was employed by Defendant, Peters Township School District as a German teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

5.      Plaintiff, Gloria Bombara-Laux, resides at 2701 Tischler Road, Bethel Park, PA 15102 and at all times relevant hereto was employed by Defendant, Peters Township School District as a School Counselor/Facilitator and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

6.      Plaintiff, Leslie Green, resides at 454 Diablo Drive, Pittsburgh, PA 15241 and at all times relevant hereto was employed by Defendant, Peters Township School District as a 1st Grade teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

7.      Plaintiff, Denise Hitchens, resides at 211 Hillock Lane, Pittsburgh, PA 15236 and at all times relevant hereto was employed by Defendant, Peters Township School District as an English teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

8.      Plaintiff, Victoria Mannion, resides at 2327 Cassidy Drive, Bethel Park, PA 15102 and at all times relevant hereto was employed by Defendant, Peters Township

4

School District as a Social Studies teacher and guidance counselor and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

9.     Plaintiff, Carla McCue, resides at 105 Mill Stream Court, Venetia, PA 15367 and at all times relevant hereto was employed by Defendant, Peters Township School District as a Language Arts teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

10.     Plaintiff, Delores Petricca, resides at 103 Tanglewood Drive, McMurray, PA 15317 and at all times relevant hereto was employed by Defendant, Peters Township School District as a Mathematics teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

11.     Plaintiff, Sonya Ring, resides at 1221 Manor Drive, Pittsburgh, PA 15241 and at all times relevant hereto was employed by Defendant, Peters Township School District as an English teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

12.     Plaintiff, Kathleen Sekely, resides at 1034 Harvest Court, Moon Township, PA 15108 and at all times relevant hereto was employed by Defendant, Peters Township School District as a Business/Computer Science teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

13.     Plaintiff, Suzette Sprowls, resides at 77 Conger Road, Prosperity, PA 15329 and at all times relevant hereto was employed by Defendant, Peters Township School District as a Practical Arts teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

14.     Plaintiff, Renee Wentzel, resides at 300 Buckels Avenue, Houston, PA

5

15342 and at all times relevant hereto was employed by Defendant, Peters Township School District as a Mathematics teacher and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

15.     Defendant, Peters Township School District, is a school district and political subdivision of the Commonwealth of Pennsylvania with its principal place of business at 631 East McMurray Road, McMurray, PA 15317.   At all times relevant hereto, Defendant is and was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d).

16.     At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III.     Factual Background

17.     Bernosky has worked for Defendant since the 1994-1995 academic year and has been employed during that time as a 5th Grade teacher.  Prior to beginning employment with Defendant, Bernosky had 3 years of teaching experience as an elementary education teacher for Bridgeport School District in Bridgeport, Ohio.

18.     Bladel has worked for Defendant since the 1997-1998 academic year and has been employed during that time as a German teacher.  Prior to beginning employment with Defendant, Bladel had 2 years of teaching experience as a middle school German teacher for State College Area School District in State College, Pennsylvania and 1 year as a high school English and German teacher for Craven County School District in New Bern, North Carolina.

19.     Bombara-Laux has worked for Defendant since the 2008-2009 academic

6

year and has been employed during that time as a School Counselor/Facilitator.  Prior to beginning employment with Defendant, Bombara-Laux had 5 years of experience as a school counselor at Oakland Catholic High School in Pittsburgh, Pennsylvania and one year experience as a school counselor at Seton La Salle High School in Pittsburgh, Pennsylvania.

20.     Green has worked as a full-time teacher for Defendant since the 1998-1999 academic year and has been employed during that time as a 1st Grade teacher. Prior to beginning employment with Defendant, Green had 4 years of teaching experience as a reading and elementary education teacher for Upper Merion Area School District in King of Prussia, Pennsylvania.

21.     Hitchens has worked for Defendant since the 1998-1999 academic year and has been employed during that time as an English teacher.  Prior to beginning employment with Defendant, Hitchens had 5 years of teaching experience as a high school English teacher for New Brighton Area School District in New Brighton, Pennsylvania.

22.     Mannion has worked for Defendant since the 1996-1997 academic year and has been employed during that time as a Social Studies teacher and guidance counselor.  Prior to beginning employment with Defendant, Mannion had 7 years of teaching experience as a high school social studies teacher for Henrico County School District in Richmond, VA.

23.     McCue has worked for Defendant since the 2002-2003 academic year and has been employed during that time as a Language Arts teacher.  Prior to beginning employment with Defendant, McCue had 3 years of teaching experience.   McCue

taught for one year as an elementary education teacher at Woodland Hills School in the Los Angeles Unified School District in Los Angeles, California; one year as an elementary education teacher for the St. Nicholas Greek Orthodox School in Los Angeles, California; and one year as a permanent substitute for Peters Township School District.

24.     Petricca has worked for Defendant since the 2000-2001 academic year and has been employed during that time as a mathematics teacher.  Prior to beginning employment with Defendant, Petricca had 12 years of teaching experience as a middle school mathematics teacher for Baldwin-Whitehall School District in Pittsburgh, Pennsylvania, 1 year of teaching experience as a mathematics teacher for Wappingers Central School District in Wappingers Falls, New York and 1 year of teaching experience as a mathematics teacher for Arlington Central School District in Poughkeepsie, New York.

25.     Ring has worked for Defendant since the 2004-2005 academic year and has been employed during that time as an English teacher.  Prior to beginning employment with Defendant, Ring had 6 years of teaching experience as a high school and middle school English teacher for Chartiers Valley School District in Pittsburgh, Pennsylvania.

26.     Sekely has worked for Defendant since the 1993-1994 academic year and has been employed during that time as a Business/Computer Science teacher.  Prior to beginning employment with Defendant, Sekely had 2 years of teaching experience as a high school business teacher for Connellsville Area School District in Connellsville, Pennsylvania and 1 year of teaching experience as a business teacher for The Wheeler

School in Pittsburgh, Pennsylvania.

27.     Sprowls has worked for Defendant since the 1996-1997 academic year and has been employed during that time as a Practical Arts teacher.  Prior to beginning employment with Defendant, Sprowls had 7 years of teaching experience as a child care services teacher for Greene County Vocational Technical School in Waynesburg, Pennsylvania.

28.     Wentzel has worked for Defendant since the 2006-2007 academic year and has been employed during that time as a Mathematics teacher.  Prior to beginning employment with Defendant, Wentzel had 13 years of teaching experience as a high school math teacher for West Shore School District in Lewisberry, Pennsylvania.

29.     Defendant pays its teachers pursuant to a salary scale in which education and years of teaching experience combine.

30.     Defendant did not recognize Plaintiffs prior work experience when placing them on the salary scale.

31.     Defendant hired significantly younger and/or male teachers without previous in-district experience at higher levels on the salary scale, awarding them credit for prior work experience.

### Count 1 – ADEA – Disparate Treatment
### Anne Bernosky v. Peters Township School District

32.     Plaintiffs incorporate paragraphs 1 through 31 as though the same had been fully set forth at length herein.

33.     Defendant hired Bernosky in 1994 when she was 45 years old.

34.     At the time of Bernosky's hiring, she had 3 years teaching experience in

another school district.

35.    Bernosky was hired at pay step 3, despite her previous 3 years of teaching experience.

36.    Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

37.    Defendant's failure to pay Bernosky at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

38.    Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Bernosky demands judgment as follows:

    a.    That Defendant be ordered to place Bernosky at a pay level equivalent to the level of significantly younger teachers with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Bernosky for the full value of wages she would have received had it not been for Defendant's illegal treatment of Bernosky, with interest, until the date Bernosky is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

    c.    That Defendant be required to provide Bernosky with front pay;

    d.    That Defendant be required to compensate Bernosky for lost benefits, including profit sharing and/or pension benefits until Bernosky's normal retirement date;

    e.    That a final judgment in favor of Bernosky and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Bernosky as provided by 29 U.S.C. §§626(b) and 216(b);

f.     That Defendant be enjoined from discriminating against Bernosky in any manner that violates the ADEA;

g.     That Bernosky be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.     That Bernosky be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 2 - ADEA – Disparate Treatment
### Gloria Bombara-Laux v. Peters Township School District

39.     Plaintiffs incorporate paragraphs 1 through 38 as though the same had been fully set forth at length herein.

40.     Defendant hired Bombara-Laux in 2008 as a School Counselor when she was 55 years old.

41.     At the time of Bombara-Laux's hiring, she had 6 years of experience in two other schools.

42.      Bombara-Laux was hired at the lowest pay level, despite her previous 6 years of teaching experience.

43.     Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

44.     Defendant's failure to pay  Bombara-Laux at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

45.     Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Dennis demands judgment as follows:

a.     That Defendant be ordered to place  Bombara-Laux at a pay level equivalent to the level of significantly younger teachers

with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Bombara-Laux for the full value of wages she would have received had it not been for Defendant's illegal treatment of Bombara-Laux, with interest, until the date Bombara-Laux is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.      That Defendant be required to provide  Bombara-Laux with front pay;

d.      That Defendant be required to compensate Bombara-Laux for lost benefits, including profit sharing and/or pension benefits until  Bombara-Laux's normal retirement date;

e.      That a final judgment in favor of  Bombara-Laux and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing  Bombara-Laux as provided by 29 U.S.C. §§626(b) and 216(b);

f.      That Defendant be enjoined from discriminating against Bombara-Laux in any manner that violates the ADEA;

g.      That  Bombara-Laux be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.      That Bombara-Laux be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 3 - ADEA – Disparate Treatment
### Victoria Mannion v. Peters Township School District

46.      Plaintiffs incorporate paragraphs 1 through 45 as though the same had been fully set forth at length herein.

47.      Defendant hired Mannion in 1996 as a guidance counselor when she was 45 years old.

48.      At the time of Mannion's hiring, she had 7 years teaching experience in

another school district.

49.     Mannion was hired at the pay step 4, despite her previous 7 years of teaching experience.

50.     Defendant has hired significantly younger teachers and guidance counselors with previous teaching experience at higher pay levels.

51.     Defendant's failure to pay Mannion at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

52.     Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Mannion demands judgment as follows:

a.     That Defendant be ordered to place Mannion at a pay level equivalent to the level of significantly younger teachers with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Mannion for the full value of wages she would have received had it not been for Defendant's illegal treatment of Mannion, with interest, until the date Mannion is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.     That Defendant be required to provide Mannion with front pay;

d.     That Defendant be required to compensate Mannion for lost benefits, including profit sharing and/or pension benefits until Mannion's normal retirement date;

e.     That a final judgment in favor of Mannion and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Mannion as provided by 29 U.S.C. §§626(b) and 216(b);

13

f.   That Defendant be enjoined from discriminating against Mannion in any manner that violates the ADEA;

g.   That Mannion be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.   That Mannion be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 4 - ADEA – Disparate Treatment
### Delores Petricca v. Peters Township School District

53.   Plaintiffs incorporate paragraphs 1 through 52 as though the same had been fully set forth at length herein.

54.   Defendant hired Petricca in 2001 as a Teacher when she was 50 years old.

55.   At the time of Petricca's hiring, she had 16 years teaching experience in four school districts.

56.   Petricca was hired at the pay step 10, despite her previous 14 years of teaching experience.

57.   Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

58.   Defendant's failure to pay Petricca at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

59.   Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Petricca demands judgment as follows:

a.   That Defendant be ordered to place Petricca at a pay level equivalent to the level of significantly younger teachers with

14

prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.  That Defendant be required to compensate Petricca for the full value of wages she would have received had it not been for Defendant's illegal treatment of , Petricca with interest, until the date Petricca is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.  That Defendant be required to provide Petricca with front pay;

d.  That Defendant be required to compensate Petricca for lost benefits, including profit sharing and/or pension benefits until Petricca's normal retirement date;

e.  That a final judgment in favor of Petricca and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Petricca as provided by 29 U.S.C. §§626(b) and 216(b);

f.  That Defendant be enjoined from discriminating against Petricca in any manner that violates the ADEA;

g.  That Petricca be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.  That Petricca be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 5 - ADEA – Disparate Treatment
### Sonya Ring v. Peters Township School District

60.  Plaintiffs incorporate paragraphs 1 through 59 as though the same had been fully set forth at length herein.

61.  Defendant hired Ring in September, 2004 as a Teacher when she was 47 years old.

62.  At the time of Ring's hiring, she had 6 years teaching experience in

15

another school district.

63.     Ring was hired at pay step 4, despite her previous 6 years of teaching experience.

64.     Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

65.     Defendant's failure to pay Ring at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

66.     Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Ring demands judgment as follows:

a.     That Defendant be ordered to place Ring at a pay level equivalent to the level of significantly younger teachers with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.     That Defendant be required to compensate Ring for the full value of wages she would have received had it not been for Defendant's illegal treatment of Ring, with interest, until the date Ring is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.     That Defendant be required to provide Ring with front pay;

d.     That Defendant be required to compensate Ring for lost benefits, including profit sharing and/or pension benefits until Ring's normal retirement date;

e.     That a final judgment in favor of Ring and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Ring as provided by 29 U.S.C. §§626(b) and 216(b);

f.     That Defendant be enjoined from discriminating against Ring

16

in any manner that violates the ADEA;

g.      That Ring be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.      That Ring be granted such further legal and equitable relief as the Court may deem just and proper.

## Count 6 - ADEA – Disparate Treatment
## Kathleen Sekely v. Peters Township School District

67.     Plaintiffs incorporate paragraphs 1 through 66 as though the same had been fully set forth at length herein.

68.     Defendant hired Sekely in 1993 as a Teacher when she was 41 years old.

69.     At the time of Sekely's hiring, she had 3 years teaching experience in two school districts.

70.     Sekely was hired at the pay step 2, despite her previous 3 years of teaching experience.

71.     Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

72.     Defendant's failure to pay Sekely at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

73.     Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Sekely demands judgment as follows:

a.      That Defendant be ordered to place Sekely at a pay level equivalent to the level of significantly younger teachers with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

17

b.     That Defendant be required to compensate Sekely for the full value of wages she would have received had it not been for Defendant's illegal treatment of Sekely, with interest, until the date Sekely is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.     That Defendant be required to provide Sekely with front pay.

d.     That Defendant be required to compensate Sekely for lost benefits, including profit sharing and/or pension benefits until Sekely's normal retirement date;

e.     That a final judgment in favor of Sekely and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Sekely as provided by 29 U.S.C. §§626(b) and 216(b);

f.     That Defendant be enjoined from discriminating against Sekely in any manner that violates the ADEA;

g.     That Sekely be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

h.     That Sekely be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 7 - ADEA – Disparate Treatment**
**Suzette Sprowls v. Peters Township School District**

74.     Plaintiffs incorporate paragraphs 1 through 73 as though the same had been fully set forth at length herein.

75.     Defendant hired Sprowls in 1996 as a Teacher when she was 44 years old.

76.     At the time of Sprowls' hiring, she had 7 years teaching experience in one school district.

77.     Sprowls was hired at pay step 6, despite her previous 7 years of teaching

18

experience.

78.     Defendant has hired significantly younger teachers with previous teaching experience at higher pay levels.

79.     Defendant's failure to pay Sprowls at a similar pay level compared to significantly younger teachers was because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

80.     Defendant's actions are violation of the ADEA and are willful.

WHEREFORE, Sprowls demands judgment as follows:

a.      That Defendant be ordered to place Sprowls at a pay level equivalent to the level of significantly younger teachers with prior teaching experience and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Sprowls for the full value of wages she would have received had it not been for Defendant's illegal treatment of Sprowls, with interest, until the date Sprowls is placed at a pay level equivalent to the level of significantly younger teachers with prior teaching experience;

c.      That Defendant be required to provide Sprowls with front pay.

d.      That Defendant be required to compensate Sprowls for lost benefits, including profit sharing and/or pension benefits until Sprowls' normal retirement date;

e.      That a final judgment in favor of Sprowls and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Sprowls as provided by 29 U.S.C. §§626(b) and 216(b);

f.      That Defendant be enjoined from discriminating against Sprowls in any manner that violates the ADEA;

g.      That Sprowls be awarded against Defendant the costs and

19

expenses of this litigation and a reasonable attorney's fee; and

h.   That Sprowls be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 8 - Equal Pay Act
### Anne Bernosky v. Peters Township School District

81.   Plaintiffs incorporate paragraphs 1 through 80 as though the same had been fully set forth at length herein.

82.   Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Bernosky, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

83.   Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Bernosky demands judgment against Defendant and damages as follows:

a.   The difference between the wages actually received by Bernosky and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.   Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

c.   An award of prejudgment interest;

d.   An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

e.   Any and all such other additional relief as the Court finds to be just and equitable.

## Count 9 - Equal Pay Act
## Elizabeth Bladel  v. Peters Township School District

84.     Plaintiffs incorporate paragraphs 1 through 83 as though the same had been fully set forth at length herein.

85.     Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Bladel, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

86.     Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Bladel demands judgment against Defendant and damages as follows:

a.     The difference between the wages actually received by Bladel and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.     Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

c.     An award of prejudgment interest;

d.     An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

e.     Any and all such other additional relief as the Court finds to be just and equitable.

## Count 10 - Equal Pay Act
## Gloria Bombara-Laux v. Peters Township School District

87.     Plaintiffs incorporate paragraphs 1 through 86 as though the same had been fully set forth at length herein.

88.     Since before 2008, Defendant has violated the Equal Pay Act, 29 U.S.C.

21

§206(d), by paying wages to Bombara-Laux, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

89.    Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Bombara-Laux demands judgment against Defendant and damages as follows:

   a.    The difference between the wages actually received by Bombara-Laux and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

   b.    Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

   c.    An award of prejudgment interest;

   d.    An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

   e.    Any and all such other additional relief as the Court finds to be just and equitable.

## Count 11 - Equal Pay Act
## Leslie Green v. Peters Township School District

90.    Plaintiffs incorporate paragraphs 1 through 89 as though the same had been fully set forth at length herein.

91.    Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Green, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

92.    Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Green demands judgment against Defendant and damages as follows:

    a.    The difference between the wages actually received by Green and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

    b.    Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    c.    An award of prejudgment interest;

    d.    An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

    e.    Any and all such other additional relief as the Court finds to be just and equitable.

### Count 12 - Equal Pay Act
### Denise Hitchens v. Peters Township School District

93.    Plaintiffs incorporate paragraphs 1 through 92 as though the same had been fully set forth at length herein.

94.    Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Hitchens, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

95.    Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Hitchens demands judgment against Defendant and damages as follows:

    a.    The difference between the wages actually received by Hitchens and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

    b.     Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    c.     An award of prejudgment interest;

    d.     An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

    e.     Any and all such other additional relief as the Court finds to be just and equitable.

### Count 13 - Equal Pay Act
### Victoria Mannion v. Peters Township School District

96.    Plaintiffs incorporate paragraphs 1 through 95 as though the same had been fully set forth at length herein.

97.    Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Mannion, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

98.    Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Mannion demands judgment against Defendant and damages as follows:

    a.     The difference between the wages actually received by Mannion and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

    b.     Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    c.     An award of prejudgment interest;

    d.     An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

      e.     Any and all such other additional relief as the Court finds to be just and equitable.

### Count 14 - Equal Pay Act
### Carla McCue v. Peters Township School District

99.    Plaintiffs incorporate paragraphs 1 through 98 as though the same had been fully set forth at length herein.

100.    Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to McCue, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

101.    Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, McCue demands judgment against Defendant and damages as follows:

      a.     The difference between the wages actually received by McCue and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

      b.     Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

      c.     An award of prejudgment interest;

      d.     An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

      e.     Any and all such other additional relief as the Court finds to be just and equitable.

### Count 15 - Equal Pay Act
### Delores Petricca v. Peters Township School District

102.    Plaintiffs incorporate paragraphs 1 through 101 as though the same had

been fully set forth at length herein.

103.   Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Petricca, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

104.   Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Petricca demands judgment against Defendant and damages as follows:

a.     The difference between the wages actually received by Petricca and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.     Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

c.     An award of prejudgment interest;

d.     An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

e.     Any and all such other additional relief as the Court finds to be just and equitable.

**Count 16 - Equal Pay Act**
**Sonya Ring v. Peters Township School District**

105.   Plaintiffs incorporate paragraphs 1 through 104 as though the same had been fully set forth at length herein.

106.   Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Ring, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort

and responsibility, and performed under similar working conditions.

107.   Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Ring demands judgment against Defendant and damages as follows:

a.   The difference between the wages actually received by Ring and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.   Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

c.   An award of prejudgment interest;

d.   An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

e.   Any and all such other additional relief as the Court finds to be just and equitable.

## Count 17 - Equal Pay Act
### Kathleen Sekely v. Peters Township School District

108.   Plaintiffs incorporate paragraphs 1 through 107 as though the same had been fully set forth at length herein.

109.   Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Sekely, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

110.   Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Sekely demands judgment against Defendant and damages as follows:

a.   The difference between the wages actually received by Sekely and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.   Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

c.   An award of prejudgment interest;

d.   An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

e.   Any and all such other additional relief as the Court finds to be just and equitable.

**Count 18 - Equal Pay Act**
**Suzette Sprowls v. Peters Township School District**

111.   Plaintiffs incorporate paragraphs 1 through 110 as though the same had been fully set forth at length herein.

112.   Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Sprowls, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

113.   Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Sprowls demands judgment against Defendant and damages as follows:

a.   The difference between the wages actually received by Sprowls and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

b.   Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

28

    c.      An award of prejudgment interest;

    d.      An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

    e.      Any and all such other additional relief as the Court finds to be just and equitable.

### Count 19 - Equal Pay Act
### <u>Renee Wentzel v. Peters Township School District</u>

114. Plaintiffs incorporate paragraphs 1 through 113 as though the same had been fully set forth at length herein.

115. Since before 2007, Defendant has violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Wentzel, a female, at rates less than the rates it pays male teachers in the same establishment for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

116. Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Wentzel demands judgment against Defendant and damages as follows:

    a.      The difference between the wages actually received by Wentzel and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

    b.      Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    c.      An award of prejudgment interest;

    d.      An award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

    e.      Any and all such other additional relief as the Court finds to be just and equitable.

## Count 20 - Sex Discrimination
## <u>Anne Bernosky v. Peters Township School District</u>

117.   Plaintiffs incorporate paragraphs 1 through 116 as though the same had been fully set forth at length herein.

118.   Plaintiff Bernosky was hired at a Step 3 pay level, despite her previous 3 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

119.   Since her date of hire, Defendant has paid Plaintiff Bernosky less than male teachers with previous teaching experience.

120.   Defendant's actions were because of Plaintiff Bernosky's sex.

121.   As a direct and proximate result of Defendant's actions, Plaintiff Bernosky suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Bernosky demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.   That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Bernosky, with interest until the date Bernosky is offered instate to a position substantially equivalent to the one Bernosky should have occupied;

c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

    d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Bernosky's normal retirement date;

    e.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f.      That Defendant be ordered to pay Plaintiff punitive damages;

    g.      That Defendant be enjoined from discriminating or retaliating against Bernosky in any manner prohibited by Title VII;

    h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 21 - Sex Discrimination**
**Elizabeth Bladel v. Peters Township School District**

122.    Plaintiffs incorporate paragraphs 1 through 121 as though the same had been fully set forth at length herein.

123.    Plaintiff Bladel was hired at a Step 2 pay level, despite her previous 3 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

124.    Since her date of hire, Defendant has paid Plaintiff Bladel less than male teachers with previous teaching experience.

125.    Defendant's actions were because of Plaintiff Bladel's sex.

126.    As a direct and proximate result of Defendant's actions, Plaintiff Bladel suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Bladel demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.    That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Bladel, with interest until the date Bladel is offered instate to a position substantially equivalent to the one Bladel should have occupied;

c.    That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Bladel's normal retirement date;

e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.    That Defendant be ordered to pay Plaintiff punitive damages;

g.    That Defendant be enjoined from discriminating or retaliating against Bladel in any manner prohibited by Title VII;

h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 22 - Sex Discrimination
### <u>Gloria Bombara-Laux v. Peters Township School District</u>

127.    Plaintiffs incorporate paragraphs 1 through 126 as though the same had been fully set forth at length herein.

128.    Bombara-Laux was hired at a Step 1 pay level, despite her previous 6 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

32

129.   Since her date of hire, Defendant has paid Plaintiff Bombara-Laux less than male teachers with previous teaching experience.

130.   Defendant's actions were because of Plaintiff Bombara-Laux's sex.

131.   As a direct and proximate result of Defendant's actions, Plaintiff Bombara-Laux suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Bombara-Laux demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.   That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Bombara-Laux, with interest until the date Bombara-Laux is offered instate to a position substantially equivalent to the one Bombara-Laux should have occupied;

c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.   That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Bombara-Laux's normal retirement date;

e.   That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.   That Defendant be ordered to pay Plaintiff punitive damages;

g.   That Defendant be enjoined from discriminating or retaliating against Bombara-Laux in any manner prohibited by Title VII;

h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 23 - Sex Discrimination**
**Leslie Green v. Peters Township School District**

132.    Plaintiffs incorporate paragraphs 1 through 131 as though the same had been fully set forth at length herein.

133.    Green was hired at a Step 3 pay level, despite her previous 4 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

134.    Since her date of hire, Defendant has paid Plaintiff Green less than male teachers with previous teaching experience.

135.    Defendant's actions were because of Plaintiff Green's sex.

136.    As a direct and proximate result of Defendant's actions, Plaintiff Green suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Green demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.    That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Green, with interest until the date Green is offered instate to a position substantially

equivalent to the one Green should have occupied;

c.     That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.     That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Green's normal retirement date;

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.     That Defendant be ordered to pay Plaintiff punitive damages;

g.     That Defendant be enjoined from discriminating or retaliating against Green in any manner prohibited by Title VII;

h.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 24 - Sex Discrimination**
**Denise Hitchens v. Peters Township School District**

137.     Plaintiffs incorporate paragraphs 1 through 136 as though the same had been fully set forth at length herein.

138.     Hitchens was hired at a Step 4 pay level, despite her previous 5 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

139.     Since her date of hire, Defendant has paid Plaintiff Hitchens less than male teachers with previous teaching experience.

140.     Defendant's actions were because of Plaintiff Hitchens' sex.

141.     As a direct and proximate result of Defendant's actions, Plaintiff Hitchens suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress

35

and embarrassment.

WHEREFORE, Hitchens demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Hitchens, with interest until the date Hitchens is offered instate to a position substantially equivalent to the one Hitchens should have occupied;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Hitchens' normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be ordered to pay Plaintiff punitive damages;

g. That Defendant be enjoined from discriminating or retaliating against Hitchens in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 25 - Sex Discrimination**
**<u>Victoria Mannion v. Peters Township School District</u>**

142.   Plaintiffs incorporate paragraphs 1 through 141 as though the same had been fully set forth at length herein.

143.   Mannion was hired at a Step 4 pay level, despite her 7 years of previous teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

144.   Since her date of hire, Defendant has paid Plaintiff Mannion less than male teachers with previous teaching experience.

145.   Defendant's actions were because of Plaintiff Mannion's sex.

146.   As a direct and proximate result of Defendant's actions, Plaintiff Mannion suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Mannion demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.   That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Mannion, with interest until the date Mannion is offered instate to a position substantially equivalent to the one Mannion should have occupied;

c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

      d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Mannion's normal retirement date;

      e.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

      f.      That Defendant be ordered to pay Plaintiff punitive damages;

      g.      That Defendant be enjoined from discriminating or retaliating against Mannion in any manner prohibited by Title VII;

      h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

      i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 26 - Sex Discrimination**
**Carla McCue v. Peters Township School District**

147.    Plaintiffs incorporate paragraphs 1 through 146 as though the same had been fully set forth at length herein.

148.    McCue was hired at a Step 2 pay level, despite her previous 3 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

149.    Since her date of hire, Defendant has paid Plaintiff McCue less than male teachers with previous teaching experience.

150.    Defendant's actions were because of Plaintiff McCue's sex.

151.    As a direct and proximate result of Defendant's actions, Plaintiff McCue suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, McCue demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as

follows:

a. That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of McCue, with interest until the date McCue is offered instate to a position substantially equivalent to the one McCue should have occupied;

c. That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until McCue's normal retirement date;

e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be ordered to pay Plaintiff punitive damages;

g. That Defendant be enjoined from discriminating or retaliating against McCue in any manner prohibited by Title VII;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 27 - Sex Discrimination
### Delores Petricca v. Peters Township School District

152. Plaintiffs incorporate paragraphs 1 through 151 as though the same had been fully set forth at length herein.

153. Petricca was hired at a Step 10 pay level, despite her previous 16 years of

teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

154.    Since her date of hire, Defendant has paid Plaintiff Petricca less than male teachers with previous teaching experience.

155.    Defendant's actions were because of Plaintiff Petricca's sex.

156.    As a direct and proximate result of Defendant's actions, Plaintiff Petricca suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Petricca demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.    That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Petricca, with interest until the date Petricca is offered instate to a position substantially equivalent to the one Petricca should have occupied;

c.    That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Petricca's normal retirement date;

e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.    That Defendant be ordered to pay Plaintiff punitive damages;

g.      That Defendant be enjoined from discriminating or retaliating against Petricca in any manner prohibited by Title VII;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 28 - Sex Discrimination
### Sonya Ring v. Peters Township School District

157.    Plaintiffs incorporate paragraphs 1 through 156 as though the same had been fully set forth at length herein.

158.    Ring was hired at a Step 4 pay level, despite her previous 6 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

159.    Since her date of hire, Defendant has paid Plaintiff Ring less than male teachers with previous teaching experience.

160.    Defendant's actions were because of Plaintiff Ring's sex.

161.    As a direct and proximate result of Defendant's actions, Plaintiff Ring suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Ring demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.      That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been

41

for Defendant's illegal treatment of Ring, with interest until the date Ring is offered instate to a position substantially equivalent to the one Ring should have occupied;

c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.   That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Ring's normal retirement date;

e.   That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.   That Defendant be ordered to pay Plaintiff punitive damages;

g.   That Defendant be enjoined from discriminating or retaliating against Ring in any manner prohibited by Title VII;

h.   That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.   That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 29 - Sex Discrimination**
**Kathleen Sekely v. Peters Township School District**

162.   Plaintiffs incorporate paragraphs 1 through 161 as though the same had been fully set forth at length herein.

163.   Sekely was hired at a Step 2 pay level, despite her previous 3 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

164.   Since her date of hire, Defendant has paid Plaintiff Sekely less than male teachers with previous teaching experience.

165.   Defendant's actions were because of Plaintiff Sekely's sex.

166.   As a direct and proximate result of Defendant's actions, Plaintiff Sekely

suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Sekely demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

a.   That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Sekely, with interest until the date Sekely is offered instate to a position substantially equivalent to the one Sekely should have occupied;

c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.   That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Sekely's normal retirement date;

e.   That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.   That Defendant be ordered to pay Plaintiff punitive damages;

g.   That Defendant be enjoined from discriminating or retaliating against Sekely in any manner prohibited by Title VII;

h.   That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.   That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 30 - Sex Discrimination**
**Suzette Sprowls v. Peters Township School District**

167.   Plaintiffs incorporate paragraphs 1 through 166 as though the same had been fully set forth at length herein.

168.   Sprowls was hired at a Step 6 pay level, despite her previous 7 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

169.   Since her date of hire, Defendant has paid Plaintiff Sprowls less than male teachers with previous teaching experience.

170.   Defendant's actions were because of Plaintiff Sprowls' sex.

171.   As a direct and proximate result of Defendant's actions, Plaintiff Sprowls suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Sprowls demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as follows:

   a.   That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

   b.   That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Sprowls, with interest until the date Sprowls is offered instate to a position substantially equivalent to the one Sprowls should have occupied;

   c.   That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

d.      That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Sprowls' normal retirement date;

e.      That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

f.      That Defendant be ordered to pay Plaintiff punitive damages;

g.      That Defendant be enjoined from discriminating or retaliating against Sprowls in any manner prohibited by Title VII;

h.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

i.      That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count 31 - Sex Discrimination**
**Renee Wentzel v. Peters Township School District**

172.    Plaintiffs incorporate paragraphs 1 through 171 as though the same had been fully set forth at length herein.

173.    Wentzel was hired at a Step 12 pay level, despite her previous 13 years of teaching experience, in violation of 42 U.S.C. §2000e-2(a)(1).

174.    Since her date of hire, Defendant has paid Plaintiff Wentzel less than male teachers with previous teaching experience.

175.    Defendant's actions were because of Plaintiff Wentzel's sex.

176.    As a direct and proximate result of Defendant's actions, Plaintiff Wentzel suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, Wentzel demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 as

follows:

    a.    That Defendant be ordered to instate Plaintiff to the position she should have occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Wentzel, with interest until the date Wentzel is offered instate to a position substantially equivalent to the one Wentzel should have occupied;

    c.    That Defendant be required to provide Plaintiff with front pay if the Court determines instatement is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Wentzel's normal retirement date;

    e.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    f.    That Defendant be ordered to pay Plaintiff punitive damages;

    g.    That Defendant be enjoined from discriminating or retaliating against Wentzel in any manner prohibited by Title VII;

    h.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    i.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count 32 – Equal Protection
### Plaintiffs v. Peters Township School District

177.    Plaintiffs incorporate paragraphs 1 through 176 as though the same had been fully set forth at length herein.

178.    Although Bernosky had 3 years of teaching experience, Defendant has

only provided her with salary scale credit of 2 of those years.

179.   Although Bladel had 3 years of teaching experience, Defendant has only provided her with salary scale credit of 1 of those years.

180.   Although Bombara-Laux had 6 years of teaching experience, Defendant did not provide her with salary scale credit of any of those years.

181.   Although Green had 4 years of teaching experience, Defendant has only provided her with salary scale credit of 2 of those years.

182.   Although Hitchens had 5 years of teaching experience, Defendant has only provided her with salary scale credit of 3 of those years.

183.   Although Mannion had 7 years of teaching experience, Defendant has only provided her with salary scale credit of 4 of those years.

184.   Although McCue had 2 years of teaching experience outside the district and one year within the district, Defendant only provided her with salary scale credit for the 1 year within the district.  Defendant was mandated by the Pennsylvania Supreme Court to give McCue pay credit for her prior in-district long-term substitute teaching experience.

185.   Petricca had 14 years of teaching experience beyond her 2 years as a long-term substitute teacher within the district.  As such, Defendant was legally required to recognize Petricca's 2 years of long-term substitute teaching when it hired her and has only provided her with salary scale credit of 7 of her 14 non-district years.

186.   Although Ring had 6 years of teaching experience, Defendant has only provided her with salary scale credit of 3 of those years.

187.   Although Sekely had 3 years of teaching experience, Defendant has only

47

provided her with salary scale credit of 1 of those years.

188.   Although Sprowls had 7 years of teaching experience, Defendant has only provided her with salary scale credit of 5 of those years.

189.   Although Wentzel had 13 years of teaching experience, Defendant has only provided her with salary scale credit of 11 of those years.

190.   At the same time, Defendant provided male teachers whose experience was acquired through other school districts, in-state and out-of state, public and parochial, with full credit for each year they taught.

191.   Because Defendant does not provide Bernosky with full credit for her teaching experience, she is paid less than men who have less experience than her.

192.   Because Defendant does not provide Bladel with full credit for her teaching experience, she is paid less than men who have less experience than her.

193.   Because Defendant does not provide Bombara-Laux with full credit for her teaching experience, she is paid less than men who have less experience than her.

194.   Because Defendant does not provide Green with full credit for her teaching experience, she is paid less than men who have less experience than her.

195.   Because Defendant does not provide Hitchens with full credit for her teaching experience, she is paid less than men who have less experience than her.

196.   Because Defendant does not provide Mannion with full credit for her teaching experience, she is paid less than men who have less experience than her.

197.   Because Defendant does not provide McCue with full credit for her teaching experience, she is paid less than men who have less experience than her.

198.   Because Defendant does not provide Petricca with full credit for her

teaching experience, she is paid less than men who have less experience than her.

199.   Because Defendant does not provide Ring with full credit for her teaching experience, she is paid less than men who have less experience than her.

200.   Because Defendant does not provide Sekely with full credit for her teaching experience, she is paid less than men who have less experience than her.

201.   Because Defendant does not provide Sprowls with full credit for her teaching experience, she is paid less than men who have less experience than her.

202.   Because Defendant does not provide Wentzel with full credit for her teaching experience, she is paid less than men who have less experience than her.

203.   Defendant's failure to provide Plaintiffs with full credit for their teaching experience, while at the same time providing male teachers will full credit for their teaching experience, deprived Plaintiffs because of their sex of Equal Protection of Law in violation of their rights under the 14th Amendment of the U.S. Constitution.

204.   Defendant's refusal to offer Plaintiffs full credit for their teaching experience deprived them of Equal Protection of the Law, because of their sex and was undertaken under color of state law, in violation of 42 U.S.C. §1983.

205.   Defendant's actions were taken intentionally.

206.   As a direct and proximate result of Defendant's intentional actions, Bernosky was paid only $26,704 during the 1994-1995 school year, where she should have been paid $28,167; only $28,704 during the 1995-1996 school year, where she should have been paid $30,167; only $30,904 during the 1996-1997 school year, where she should have been paid $32,367; only $33,204 during the 1997-1998 school year, where she should have been paid $34,667; only $35,604 during the 1998-1999 school

year, where she should have been paid $37,067; only $37,304 during the 1999-2000 school year, where she should have been paid $38,767; only $39,104 during the 2000-2001 school year, where she should have been paid $40,567; only $41,004 during the 2001-2002 school year, where she should have been paid $42,467; only $43,004 during the 2002-2003 school year, where she should have been paid $44,467; only $45,004 during the 2003-2004 school year, where she should have been paid $46,467; only $47,004 during the 2004-2005 school year, where she should have been paid $48,467; only $49,204 during the 2005-2006 school year, where she should have been paid $50,667; only $51,504 during the 2006-2007 school year, where she should have been paid $52,967 and only $53,804 during the 2007-2008 school year, where she should have been paid $85,299.

207.   As a direct and proximate result of Defendant's intentional actions, Bladel was paid only $30,000 during the 1997-1998 school year, where she should have been paid $32,000; only $32,400 during the 1998-1999 school year, where she should have been paid $34,400; only $34,100 during the 1999-2000 school year, where she should have been paid $36,100; only $35,900 during the 2000-2001 school year, where she should have been paid $37,900; only $37,800 during the 2001-2002 school year, where she should have been paid $39,800; only $39,800 during the 2002-2003 school year, where she should have been paid $41,800; only $41,800 during the 2003-2004 school year, where she should have been paid $43,800; only $43,800 during the 2004-2005 school year, where she should have been paid $45,800; only $46,000 during the 2005-2006 school year, where she should have been paid $48,000; only $48,300 during the 2006-2007 school year, where she should have been paid $50,300; only $50,600 during

the 2007-2008 school year, where she should have been paid $52,600; only $52,900 during the 2008-2009 school year, where she should have been paid $54,900; and only $55,200 during the 2009-2010 school year, where she should have been paid $57,200.

208.   As a direct and proximate result of Defendant's intentional actions, Bombara-Laux was paid only $41,450 during the 2008-2009 school year, where she should have been paid $47,550; and only $43,750 during the 2009-2010 school year, where she should have been paid $49,850.

209.   As a direct and proximate result of Defendant's intentional actions, Green was paid only $32,400 during the 1998-1999 school year, where she should have been paid $34,966; only $34,100 during the 1999-2000 school year, where she should have been paid $36,966; only $35,900 during the 2000-2001 school year, where she should have been paid $38,466; only $37,800 during the 2001-2002 school year, where she should have been paid $40,366; only $39,800 during the 2002-2003 school year, where she should have been paid $42,366; only $41,800 during the 2003-2004 school year, where she should have been paid $44,366; only $43,800 during the 2004-2005 school year, where she should have been paid $46,366; only $46,000 during the 2005-2006 school year, where she should have been paid $48,566; only $48,300 during the 2006-2007 school year, where she should have been paid $50,866; only $50,600 during the 2007-2008 school year, where she should have been paid $53,166; only $52,900 during the 2008-2009 school year, where she should have been paid $55,466; and only $55,200 during the 2009-2010 school year, where she should have been paid $90,199.

210.   As a direct and proximate result of Defendant's intentional actions, Hitchens was paid only $35,150 during the 1998-1999 school year, where she should

51

have been paid $36,763; only $36,850 during the 1999-2000 school year, where she should have been paid $38,463; only $38,650 during the 2000-2001 school year, where she should have been paid $40,263; only $40,550 during the 2001-2002 school year, where she should have been paid $42,163; only $42,500 during the 2002-2003 school year, where she should have been paid $44,163; only $44,550 during the 2003-2004 school year, where she should have been paid $46,163; only $46,550 during the 2004-2005 school year, where she should have been paid $48,163; only $48,750 during the 2005-2006 school year, where she should have been paid $50,363; only $51,050 during the 2006-2007 school year, where she should have been paid $52,663; only $53,350 during the 2007-2008 school year, where she should have been paid $54,963; only $55,650 during the 2008-2009 school year, where she should have been paid $57,263; and only $57,950 during the 2009-2010 school year, where she should have been paid $91,903.

211.    As a direct and proximate result of Defendant's intentional actions, Mannion was paid only $16,032 during the 1996-1997 school year, where she should have been paid $19,284; only $34,363 during the 1997-1998 school year, where she should have been paid $40,867; only $36,763 during the 1998-1999 school year, where she should have been paid $43,267; only $38,463 during the 1999-2000 school year, where she should have been paid $44,967; only $40,263 during the 2000-2001 school year, where she should have been paid $46,767; only $42,163 during the 2001-2002 school year, where she should have been paid $48,667; only $44,163 during the 2002-2003 school year, where she should have been paid $50,667; only $46,163 during the 2003-2004 school year, where she should have been paid $52,667; only $48,163 during

the 2004-2005 school year, where she should have been paid $54,667; only $50,363 during the 2005-2006 school year, where she should have been paid $82,003; only $52,663 during the 2006-2007 school year, where she should have been paid $84,503; only $54,963 during the 2007-2008 school year, where she should have been paid $87,003 and only $57,263 during the school year 2008-2009, where she should have been paid $89,503.

212.   As a direct and proximate result of Defendant's intentional actions, McCue was paid only $33,700 during the 2002-2003 school year, where she should have been paid $35,400; only $35,700 during the 2003-2004 school year, where she should have been paid $37,400; only $37,700 during the 2004-2005 school year, where she should have been paid $39,400; only $39,900 during the 2005-2006 school year, where she should have been paid $41,600; only $42,200 during the 2006-2007 school year, where she should have been paid $43,900; only $44,500 during the 2007-2008 school year, where she should have been paid $46,200; only $46,800 during the 2008-2009 school year, where she should have been paid $48,500; and only $49,100 during the 2009-2010 school year, where she should have been paid $50,800.

213.   As a direct and proximate result of Defendant's intentional actions, Petricca was paid only $41,004 during the 2001-2002 school year, where she should have been paid $72,099; only $43,004 during the 2002-2003 school year, where she should have been paid $74,099; only $45,004 during the 2003-2004 school year, where she should have been paid $76,099; only $47,004 during the 2004-2005 school year, where she should have been paid $78,099; only $49,204 during the 2005-2006 school year, where she should have been paid $80,299; only $51,504 during the 2006-2007

53

school year, where she should have been paid $82,799 and only $53,804 during the 2007-2008 school year, where she should have been paid $85,299.

214.   As a direct and proximate result of Defendant's intentional actions, Ring was paid only $18,850 during the 2004-2005 school year, where she should have been paid $20,500; only $39,900 during the 2005-2006 school year, where she should have been paid $42,300; only $42,200 during the 2006-2007 school year, where she should have been paid $44,600; only $44,500 during the 2007-2008 school year, where she should have been paid $46,900; only $46,800 during the 2008-2009 school year, where she should have been paid $49,200; and only $49,100 during the 2009-2010 school year, where she should have been paid $51,500.

215.   As a direct and proximate result of Defendant's intentional actions, Sekely was paid only $22,815 during the 1993-1994 school year, where she should have been paid $25,945; only $24,590 during the 1994-1995 school year, where she should have been paid $27,720; only $30,443 during the 1995-1996 school year, where she should have been paid $33,573; only $32,643 during the 1996-1997 school year, where she should have been paid $35,773; only $34,943 during the 1997-1998 school year, where she should have been paid $38,073; only $37,343 during the 1998-1999 school year, where she should have been paid $40,473; only $39,043 during the 1999-2000 school year, where she should have been paid $40,563; only $40,843 during the 2000-2001 school year, where she should have been paid $43,973; only $42,743 during the 2001-2002 school year, where she should have been paid $45,873; only $44,743 during the 2002-2003 school year, where she should have been paid $47,873; only $46,743 during the 2003-2004 school year, where she should have been paid $49,873; only $48,743

during the 2004-2005 school year, where she should have been paid $51,873; only $50,943 during the 2005-2006 school year, where she should have been paid $54,073; only $53,243 during the 2006-2007 school year, where she should have been paid $84,503 and only $55,543 during the 2007-2008 school year, where she should have been paid $87,003.

216.   As a direct and proximate result of Defendant's intentional actions, Sprowls was paid only $34,163 during the 1996-1997 school year, where she should have been paid $38,567; only $36,463 during the 1997-1998 school year, where she should have been paid $40,867; only $38,863 during the 1998-1999 school year, where she should have been paid $43,267; only $40,563 during the 1999-2000 school year, where she should have been paid $44,967; only $42,363 during the 2000-2001 school year, where she should have been paid $46,767; only $44,263 during the 2001-2002 school year, where she should have been paid $48,667; only $46,463 during the 2002-2003 school year, where she should have been paid $50,667; only $48,263 during the 2003-2004 school year, where she should have been paid $52,667; only $50,263 during the 2004-2005 school year, where she should have been paid $54,667; only $52,463 during the 2005-2006 school year, where she should have been paid $82,003; and only $54,763 during the 2006-2007 school year, where she should have been paid $84,503.

217.   As a direct and proximate result of Defendant's intentional actions, Wentzel was paid only $49,300 during the 2006-2007 school year, where she should have been paid $50,866; only $51,600 during the 2007-2008 school year, where she should have been paid $53,166; only $53,900 during the 2008-2009 school year, where she should have been paid $55,466; and only $56,200 during the 2009-2010 school

year, where she should have been paid $90,199.

218.   As a direct and proximate result of Defendant's intentional actions, Plaintiffs were paid less than Defendant's male teachers.

WHEREFORE, Plaintiffs demand judgment against Defendant for deprivation of their rights under the Fourteenth Amendment's Equal Protection Clause, in violation of 42 U.S.C. §1983 and damages as follows:

  a.   That Defendant be permanently enjoined from failing to provide full salary credit for teaching experience to Plaintiffs;

  b.   That Plaintiffs be awarded actual and consequential damages including lost wages and benefits in an amount to be proven at trial, plus interest;

  c.   That Defendant be ordered to award Plaintiffs full teaching experience credit for their teaching experience;

  d.   That Plaintiffs be awarded against Defendant the costs and expenses of this litigation, and pursuant to 42 U.S.C. §1988, reasonable attorneys' fees;

  e.   That Plaintiffs be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted:

*s/ Colleen Ramage Johnston*
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

**Rothman Gordon, PC**
310 Grant Street, Third Floor
Pittsburgh, PA  15219
(412) 338-1131 – phone
(412) 281-7304 – fax
CRJohnston@rothmangordon.com
NVLykos@rothmangordon.com

Attorneys for Plaintiffs

ND: 4836-3156-0966, v.  1 | 60360-001